**PEM–AMERICA, INC.,**
**Plaintiff–Appellee,**

v.

**SUNHAM HOME FASHIONS, LLC,**
**Defendant–Appellant.**

**No. 03–7707.**

United States Court of Appeals,
Second Circuit.

Dec. 12, 2003.

Paul R. Levenson, Kaplan & Levenson LLP, New York, NY, for Plaintiff–Appellee.

Richard A. Hubell, The Dweck Law Firm, LLP, New York, NY, for Defendant–Appellant.

Present: CALABRESI, B.D. PARKER Jr., and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff–Appellee Pem–America, Inc., brought suit in the United States District Court for the Southern District of New York against Defendant–Appellant Sunham Home Fashions, LLC ("Sunham"), alleging that Sunham's "Sage Garden" and "Canterbury" comforters and related products ("the Sunham products") infringed Pem–America's copyrighted "Velvet Garden" quilt design. Both the Pem–America and Sunham products are made of velvet and plain cotton fabric, and present floral motifs on sage green velvet blocks that are divided by ivory "ground" cloth and surrounded by ivory borders decorated with floral patterns. Both also apply a technique known as "tack-down" embroidery, in which wide embroidery ribbon is sewn to, rather than through, the fabric. The district court issued a preliminary injunction ordering Sunham to cease selling and distributing the Sunham products, and to recall these products from the inventory of the retailers to which they had already been distributed. Sunham now appeals this injunction.

We review a district court's grant of a preliminary injunction for abuse of discretion, and "[t]hat court abuses its discretion only if it applies an incorrect legal standard, bases the preliminary injunction on a clearly erroneous finding of fact, or issues an injunction that contains an error in its form or substance." *Fun–Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 999 (2d Cir.1997). "To obtain a preliminary injunction, a plaintiff must show (1) irreparable harm and (2) either (a) that it is likely to succeed on the merits or (b) sufficiently serious questions regarding the merits of the claim to make them fairly litigable, with the balance of hardship tipping decidedly in the plaintiff's favor."[1] *Id.* at 998–99 (citation omitted).

---

1. The defendant attempts to construe the recall order issued in this case as a "mandatory

■ Pem–America's certificate of copyright registration generates a presumption that the copyright is valid. *Boisson v. Banian Ltd.*, 273 F.3d 262, 267 (2d Cir. 2001) (citing 17 U.S.C. § 410(c)). It also creates a presumption that all of the facts stated in the registration are true. *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 111 (citing 17 U.S.C. § 410(c)), *amended by* 169 F.3d 782 (2d Cir.1998). Pem–America concedes that Velvet Garden was developed from a design provided to it by Best Eastern Home Textile Co., Ltd. ("Best Eastern"). The parties dispute whether this earlier design was a "work-for-hire," but the issue is irrelevant: Pem–America offered into evidence a contract with Best Eastern that transferred to Pem–America all rights, title, and interest, including copyrights, in all works relating to Velvet Garden. Best Eastern does not dispute this transfer, and Sunham cannot raise such a dispute in a third-party infringement action. *See Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir.1982) (superseded on other grounds by Fed.R.Civ.P.

52(a)). As the record stands before us, we therefore find that Pem–America has "made a sufficient *prima facie* showing that it owns the copyright to support the preliminary injunction."[2] *Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 98 (2d Cir.2002) (per curiam).

■ A prima facie case of infringement can be made out if a plaintiff establishes (1) that the work in question was "actually copied," and (2) that there was "substantial similarity" between the protected expression and the alleged infringing work. *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir.2003). In the instant case, the "actual copying" requirement is met by undisputed evidence that Sunham had a "reasonable possibility" of access to the Velvet Garden quilt.[3] *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir.1988). Because Velvet Garden is derivative of the "basic block" quilt design which has long been in the public domain,[4] the evaluation

---

injunction," and take advantage of the higher standard that applies to such injunctions. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34–35 (2d Cir.1995). We have, however, upheld preliminary injunctions including recall orders under a plain preliminary injunction analysis before, *see Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 212 (2d Cir.1999), and see no reason to apply a mandatory injunction analysis in this case.

2. Sunham contends that Best Eastern did not create the underlying designs, and that these designs have long been in the public domain. Pem–America, however, is "entitled to a statutory presumption of the validity of the facts stated in its copyright registration." *Langman Fabrics*, 160 F.3d at 111. Pem–America's copyright certificate states that Velvet Garden is derivative only of a "basic block design," and Sunham has not met its burden to disprove this.

Sunham also contends that the district court abused its discretion when it disbelieved

the testimony of a former Pem–America employee who claimed to be the actual creator of the Velvet Garden design. The district court cited specific reasons for discrediting this testimony, including that the employee harbored hostility against Pem–America and had substantial interest concerning the subject of her testimony. The defendant's claim therefore is without merit.

3. The district court also was within its authority to disbelieve the defendant's proffered evidence of "independent creation," *Procter & Gamble Co. v. Colgate–Palmolive Co.*, 199 F.3d 74, 77 (2d Cir.1999), because the products are highly similar, and Sunham failed to offer adequate explanations for differences between its draft designs and the final Sunham products.

4. The defendant claims that Velvet Garden is "derivative" of the underlying Best Eastern designs, but because the district court was within its authority to conclude that Pem–

of "substantial similarity" is conducted from the hypothetical perspective of a "more discerning" observer. *Boisson,* 273 F.3d at 272. This observer is concerned only with those elements that "provide copyrightability to the allegedly infringed compilation," *Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc.,* 945 F.2d 509, 514 (2d Cir.1991), but is guided, finally, by the "total concept and feel" of the compared works. *Boisson,* 273 F.3d at 272 (internal quotation marks omitted). The district court conducted the appropriate "more discerning observer" test, factoring out the block pattern and finding substantial similarities between the color choices, floral motifs, and the tack-down embroidery of the quilts in question. Given the "enormous amount of sameness" between the quilts, *id.* at 274, this finding was in no way an abuse of discretion.

Pem–America has thus shown a likelihood of success on the merits, and "generally when a copyright plaintiff makes out a *prima facie* showing of infringement, irreparable harm may be presumed." *ABKCO Music, Inc. v. Stellar Records, Inc.,* 96 F.3d 60, 64 (2d Cir.1996) (citations omitted). Furthermore, for good measure, the balance of hardships tips in favor of Pem–America. We have considered all of the defendant's claims and find them meritless. We therefore AFFIRM the district court's grant of a preliminary injunction in favor of Pem–America.

America actually held the copyright to those preliminary designs, the work cannot properly be considered "derivative" of them.